UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY B. MYERS,

    Plaintiff,

v.                                  Case No: 2:23-cv-95-JES-NPM

3073 HORSESHOE DRIVE, LLC,

    Defendant.

_____

## OPINION AND ORDER

This matter came before the Court on defendant's Motion to Dismiss Count II of the Third Amended Complaint (Doc. #62) filed on October 2, 2023.  On October 13, 2023, counsel appeared on behalf of plaintiff.  (Docs. ## 64-65.)  On November 3, 2023, after the motion to dismiss became ripe for consideration, plaintiff through counsel filed a Motion for Leave to file Fourth Amended Complaint (Doc. #71).  Defendant filed a Response (Doc. #72) on November 14, 2023, noting that the Proposed Fourth Amended Complaint includes an additional count for promissory estoppel, in the alternative to Count II, "[t]o the extent that there was no contract because of any missing element other than one that falls within the statute of frauds, promissory applies to fill those gaps."  (Doc. #71-1 at ¶ 53.)  The Court will address the motion to amend in the first instance.

Plaintiff argues that the motion is not in bad faith or to cause undue delay. Defendant filed a Response (Doc. #72) in opposition arguing that the addition of Count III for promissory estoppel, in the alternative to Count II, cannot be used to circumvent the application of the statute of frauds.

**A. Motion to Amend Standard**

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962). "[D]enial of leave to

2

amend is justified by futility when the "complaint as amended is still subject to dismissal." Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (citations omitted).

## B. Promissory Estoppel

The Fourth Amended Complaint adds a third count in the alternative for promissory estoppel. To establish promissory estoppel, the elements are: (1) defendant made certain promises, (2) that it should have expected that plaintiff would rely on the promises, and (3) that plaintiff did rely on the promises to his detriment. Funderburk v. Fannie Mae, 654 F. App'x 476, 478 (11th Cir. 2016) (citing Doll v. Grand Union Co., 925 F.2d 1363, 1371 (11th Cir. 1991)). "Thus, the equitable relief of promissory estoppel applies if the promisor makes a promise 'which he should reasonably expect' to cause the promisee either to take some action or forego taking action." White Holding Co., LLC v. Martin Marietta Materials, Inc., 423 F. App'x 943, 947 (11th Cir. 2011) (quoting Mount Sinai Hosp. of Greater Miami, Inc. v. Jordan, 290 So. 2d 484, 486 (Fla. 1974)). "Only detrimental reliance which causes a substantial change in position will constitute sufficient consideration to support promissory estoppel." Robinson v. SunTrust Mortg., Inc., 785 F. App'x 671, 678 (11th Cir. 2019) (citation omitted).

"For promissory estoppel to be applicable, the evidence must be clear and convincing and show a substantial inducement that

3

would justify the application of this principle." Lozano v. Marriott Corp., 844 F. Supp. 740, 743 (M.D. Fla. 1994) (citing W.R. Grace and Co. v. Geodata, 547 So. 2d 919 (Fla. 1989)). "Promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove breach of contract." Advanced Mktg. Sys. Corp. v. ZK Yacht Sales, 830 So. 2d 924, 928 (Fla. 4th DCA 2002) (citation and internal quotation marks omitted). In other words, "a claim for promissory estoppel is unavailable under Florida law where a written contract exists covering the disputed promise." Homes & Land Affiliates, LLC v. Homes & Loans Mag., LLC, 598 F. Supp. 2d 1248, 1269 (M.D. Fla. 2009) (citation omitted).

**C. Proposed Amendment**

Plaintiff alleges, in the alternative, that Rasmussen was acting as an agent for Horseshoe and promised plaintiff that a deal was reached based on the represented counteroffer from his principal, Schumann. Plaintiff alleges that he relied upon that promise to his own detriment by making a deposit with the title company and foregoing other investment opportunities. Plaintiff seeks to estop defendant from denying the existence of the agreement. (Doc. #71-1.)

Without resolving the merits of the claim, the Court finds that the amendment should be allowed, subject to review by a motion

to dismiss if one is filed.  The Court will proceed on the Fourth Amended Complaint.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Leave to file Fourth Amended Complaint (Doc. #71) is **GRANTED** and the Fourth Amended Complaint (Doc. #71-1) is accepted as the operative pleading.
2. The Clerk shall file the Fourth Amended Complaint with the attached exhibits on the docket.
3. Defendant's Motion to Dismiss Count II of the Third Amended (Doc. #62) and Request for Oral Argument (Doc. #69) are **DENIED** as moot.
4. Defendant shall respond as appropriate to the Fourth Amended Complaint within **fourteen (14) days** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of September 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record