```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

GREGORY B. MYERS,

    Plaintiff,

v.                            Case No:  2:23-cv-95-JES-NPM

3073 HORSESHOE DRIVE, LLC,

    Defendant.

---

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Alter or Amend Judgment (Doc. #112) filed on February 12, 2025. Defendant filed a Response (Doc. #117) on February 26, 2025. On February 26, 2025, plaintiff filed a Suggestion of Bankruptcy (Doc. #118) indicating that he filed for relief under Chapter 13 of the Bankruptcy Code in the District of Columbia. The Court finds that the automatic stay has no impact on plaintiff's own suit and does not stay ruling on the motion to alter or amend a previous ruling. Plaintiff seeks to alter or amend the Court's January 15, 2025, non-final Opinion and Order (Doc. #106).

"Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of a dispute." Wright v. Preferred Rsch., Inc., 891 F.2d 886, 889 (11th Cir. 1990) (citations omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or

fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (citation and internal quotation marks omitted). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted and internal quotation marks omitted).

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.' [] Under Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.' Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment. Finally, Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.' This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable. [] Even then, 'extraordinary circumstances' must justify reopening." Kemp v. United States, 596 U.S. 528, 533 (2022).

Plaintiff seeks reconsideration pursuant to Fed. R. Civ. P. 59(e) because the "Court failed to consider" his Corrected Response (Doc. #102), which was a clear error, because the bankruptcy case Memorandum Opinion denying confirmation was issued on January 20, 2023, not March 30, 2023, the Answer and Affirmative Defenses (Doc. #105) mooted the pending motion to dismiss, and other various disagreements with the Court's Opinion and Order (Doc. #106)

2

granting dismissal of Counts II and III, and leaving the case pending as to Count I only.

As a preliminary matter, the clerical error referring to the date the Memorandum Opinion Denying Confirmation and Dismissing Case was docketed on appeal (March 30, 2023) rather than the date the Bankruptcy Court denied confirmation (January 20, 2023) had no impact on the decision to grant dismissal of Counts II and III of the Fourth Amended Complaint in this case.

Plaintiff argues that his Corrected Response (Doc. #102) was not considered, and it points to an "unequivocal judicial admission [that] is dispositive in this case."  First, the Court explicitly considered the Response (Doc. #99) submitted timely through the portal but not filed on the docket until November 13, 2024.  (Doc. #106 at 1.)  Second, the statement that "[t]here is no dispute that the contract at issue is a contract for the sale of land", Doc. #92 at 6, is not an admission but an argument on why the statute of frauds applies because the sale of land is at issue in the "alleged commercial sales contract."  The argument in the Corrected Response (Doc. #102 at 5), untimely filed on November 25, 2024, does not change the analysis or the conclusions.  Therefore, there was no clear error.

The Answer and Affirmative Defenses and Request for Jury Trial to Count I (Doc. #105) were filed as to Count I only.  The Court acknowledged the filing in the Opinion and Order (Doc. #106 at 1

3

n.1.)  Defendant was not required to file the Answer until after the motion for dismissal of the other counts was ruled upon.  See Fed. R. Civ. P. 12(a)(4).  The filing of the Answer as to the remaining count, Count I, did not moot the motion to dismiss on Counts II and III because the ruling had no bearing on Count I.

The remaining arguments seek to reargue or disagree with the Court's Opinion and Order without raising any clear error. Therefore, these arguments will not be considered.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Alter or Amend Judgment (Doc. #112) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of February 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

4