UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY B. MYERS,

    Plaintiff,

v.                              Case No: 2:23-cv-95-JES-NPM

3073 HORSESHOE DRIVE, LLC,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Summary Judgment as it Relates to Count One of Plaintiff's Fourth Amended Complaint (Doc. #114) filed on February 24, 2025. After several extensions of time, plaintiff filed a Response in Opposition (Doc. #128) on April 11, 2025[1], and defendant filed a Reply (Doc. #131) on April 21, 2025. On May 15, 2025, plaintiff filed a Motion for Final Judgment as to Count I of Plaintiff's Fourth Amended Complaint (Doc. #133). Defendant filed a Reply (Doc. #135) on June 2, 2025, incorporating its Motion for Summary Judgment (Doc. #114).[2] On June 11, 2025, plaintiff filed another

---

[1] Plaintiff filed an Amended Response in Opposition (Doc. #134) to incorporate the Motion for Final Judgment as to Count I of Plaintiff's Fourth Amended Complaint (Doc. #133).

[2] Plaintiff filed a Reply to Reply (Doc. #137) on June 23, 2025, without leave of Court and therefore the document was not considered. See M.D. Fla. R. 3.01(d); Doc. #79 at 5 ("Any motion

Motion for Final Summary Judgment as to Count II of Plaintiff's Fourth Amended Complaint (Doc. #136). Counts II and III were dismissed with prejudice on January 15, 2025. (Doc. #106.) A motion to alter or amend judgment was denied. (Doc. #119.)

## I.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (quoting Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the

---

for a sur-reply is disfavored and should be made only in exceptional circumstances.").

non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998); Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

> When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial. Although we must view factual inferences favorably toward the nonmoving party and pro se

3

>     complaints are entitled to a liberal interpretation by the courts, we hold that a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment.

Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990) (citation omitted).

**II.**

Plaintiff's Fourth Amended Complaint (Doc. #91) is the operative pleading, and Count I is the only remaining count. Counts II and III were dismissed with prejudice by Opinion and Order (Doc. #106) on January 15, 2025. Therefore, plaintiff's request for summary judgment as to Count II will be denied as moot.

In Count I of the Fourth Amended Complaint (Doc. #91), plaintiff seeks relief under Section 362(k) of the Bankruptcy Code alleging that that defendant "intentionally and willfully violated the automatic stay by pursuing the Bond Claim in Circuit Court. When a creditor has actual knowledge that a debtor has filed a bankruptcy petition, the creditor has an affirmative duty to terminate or undo any action, which violates the automatic stay. Instead, Horseshoe proceeded with the Bond Claim without any regard to what was stayed or not stayed and, in doing so, violated §§ 362(a)(1) and (3)." (Doc. #91 at ¶ 43) (citing Rucker v. Great Dane Petroleum Contractors, Inc., 2:21-cv-207-SPC-MRM, 2021 WL 3617456, at *1 (M.D. Fla. Aug. 16, 2021). Defendant filed an

4

Answer Affirmative Defenses and Request for Jury Trial to Count I (Doc. #105) on January 9, 2025.

The following facts are admitted and undisputed:  On January 28, 2021, Gregory B. Myers (Myers or plaintiff) filed a Chapter 13 petition for bankruptcy protection in the Middle District of Florida Bankruptcy Court, Case No. 2:21-bk-00123.  On March 18, 2022, Myers filed a Complaint against 3073 Horseshoe Drive, LLC (Horseshoe or defendant) in Collier County state court (state court action), Case No. 22-CA-0453.  On March 18, 2022, Myers filed a Notice of Lis Pendens in the state court action.  (Docs. ## 91 & 105 at ¶¶ 36-39.)  On or about June 7, 2022, Horseshoe filed a Motion to Dismiss Plaintiff's Complaint With Prejudice; Motion for Order to Show Cause Why the Complaint Should Not be Dismissed With Prejudice; and Motion to Discharge the Lis Pendens Not Founded on a Recorded Instrument (Doc. #114-1) in the state court action seeking a hearing, to discharge the lis pendens, and to dismiss the complaint.  A hearing was held on June 29, 2022, and the motion denied in favor of a future motion for summary judgment.  (Doc. #133 at 55.)  On July 28, 2022, Horseshoe moved in the state court to exercise its discretion to require plaintiff to post a bond in the amount of $541,024.72.  (Id. at 58, 65.)  On August 5, 2022, an evidentiary hearing was held.  (Id. at 93.)  On August 9, 2022, Horseshoe submitted a proposed order to the state court judge.  (Id. at 99.)

On August 17, 2022, the state court directed Myers to post a $150,000 bond. (Docs. ## 91, 105 at ¶¶ 40-41.) The Order Denying Defendant's Motion to Discharge the Lis Pendens and Requiring Plaintiff to Post Lis Pendens Bond (Doc. #114-2) noted its "broad discretion" to require a bond and based the amount of bond on the attorney's fees incurred by defendant and foreseeable attorney's fees. A deadline of August 27, 2022, was set to post the bond or the lis pendens would be dissolved. (Doc. #133 at 103.) On August 29, 2022, Myers sought a rehearing asserting that the bond against him was a violation of the automatic stay under the Bankruptcy Code. (Docs. ## 91, 105 at ¶ 42; Doc. #133 at 105.) On or about September 13, 2022, the motion was denied. (Doc. #133 at 110.)

On September 2, 2022, in the state court, Myers filed a Motion to Convert Appeal to a Petition for Writ of Prohibition arguing that the bond constituted a claim against Myers and thus was a violation of the automatic stay under the Bankruptcy Code. (Case No. 2:21-bk-00123, Doc. #285 at pp. 58-66.) On September 21, 2022, in the Middle District of Florida Bankruptcy Court, defendant filed an Amended Motion to Confirm That the Automatic Stay Does Not Apply, and in the Alternative, for Relief From the Automatic Stay, Including Prospective Relief (Case No. 2:21-bk-00123, Doc. #285, pp. 1-9) arguing that the automatic stay did not apply to stay actions filed by the debtor, and even if it did apply, it should be terminated or prospective relief granted in light of delay

6

tactics. Myers filed a Response (Id. at Doc. #296) on October 12, 2022, arguing that defendant had not filed a proof of claim, expressed no objection to allowing defendant to "defend itself" but objecting to requiring a bond in the state court action as a violation of the automatic stay. A hearing was scheduled for October 13, 2022. (Id. at Doc. #297.) On October 24, 2022, the Bankruptcy Court issued an Order (Doc. #133, p. 112) granting defendant's motion for reasons stated orally in court, finding that:

> ….
>
> 2. The automatic stay of 11 U.S.C. § 362 does not apply to and does not stay the Collier County Action or any appeal related thereto.
>
> 3. To the extent the automatic stay is applicable in any way to the Collier County Action, the Court grants relief from the automatic stay in this case for all purposes related to the Collier County Action.
>
> 4. Under 11 U.S.C. § 105(a), the relief granted in this Order is prospective, so that 11 U.S.C. § 362 shall not operate as a stay of any claims between Movant and Debtor in any future bankruptcy case filed by Debtor; provided, however, this order is without prejudice to Debtor's right to seek imposition of the automatic stay in any such future case.

(Id. at 113.) See also In re Myers, No. 2:21-BK-00123-FMD, 2023 WL 350183, at *4 (Bankr. M.D. Fla. Jan. 20, 2023) (noting that an order was issued confirming that the stay did not apply).

On December 1, 2022, Horseshoe filed a Motion for Entry of an Immediate Order Discharging Lis Pendens (Doc. #133 at 115) because

7

the bond was not posted. On December 8, 2022, the state court issued an Amended Order Discharging Lis Pendens after Myers failed to post the bond or proof of compliance and the lis pendens was dissolved and discharged. (Doc. #133 at 119-120.) The case was refiled in federal court on February 13, 2023, and commenced anew.

### III.

In this case, the Bankruptcy Court lifted the stay noting that "(a) Debtor is the plaintiff in the case of *Gregory B. Myers v. 3073 Horseshoe Drive, LLC*, Case No. 2022-CA-000453, pending in the Twentieth Judicial Circuit Court in and for Collier County, Florida (the "Collier County Action"), and (b) the events giving rise to Debtor's claims in the Collier County Action occurred in 2022, over a year after Debtor filed this Chapter 13 case on January 28, 2021." (2:21-bk-00123-FMD, Doc. #299.) The Order was issued after the bond was imposed. Although it is well established that "[t]he automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor," Crosby v. Monroe Cnty., 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) (citing 11 U.S.C. § 362) (collecting cases)[3], plaintiff argues that

---

[3] "Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989) (the automatic stay is inapplicable to suits by the debtor); Carley Capital Group v. Fireman's Fund Ins. Co., 889 F.2d 1126, 1127 (D.C. Cir. 1989) (same); see also Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles County, Inc., 977 F.2d 1224, 1227 (8th Cir. 1992); Trans Caribbean Lines, Inc. v. Tracor Marine, Inc., 49 B.R. 360, 362 (S.D. Fla. 1985) (stating

defendant's request for the bond, and/or the imposition of the bond by the state court at its request, went beyond merely defending and constituted an active violation of the stay.

Under the Bankruptcy Code, the filing of a voluntary petition, a joint petition, or an involuntary petition:

> operates as a stay, applicable to all entities, of—
>
> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> **(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> **(4)** any act to create, perfect, or enforce any lien against property of the estate;
>
> **(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

---

that the automatic stay provision only applies to proceedings against the debtor)."

**(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

**(7)** the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

**(8)** the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a).[4]  "[A]n individual injured by any willful violation of a stay provided by this section shall recover actual

---

[4] The stay does not apply to all situations, see 11 U.S.C. § 362(b), and upon request the stay can be lifted or modified:

> **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> **(2)** with respect to a stay of an act against property under subsection (a) of this section, if--
>
> **(A)** the debtor does not have an equity in such property; and
>
> **(B)** such property is not necessary to an effective reorganization….
>
> **(4)** with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme

10

damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). "'[W]illfulness generally connotes intentional action taken with at least callous indifference for the consequences.'" Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539, 1555 (11th Cir. 1996) (quoting Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc., 793 F.2d 1529, 1535 (11th Cir. 1986). "The violator's specific intent to violate the automatic stay is not required." Id. (citation omitted). "Willfulness requires either 'actual knowledge that a bankruptcy is under way,' [] or, as some courts have held, 'notice of sufficient facts to cause a reasonably prudent person to make additional inquiry to determine whether a bankruptcy petition has been filed.'" In re White, 410 B.R. 322, 326 (Bankr. M.D. Fla. 2009) (citation omitted). "When a creditor receives actual notice of the filing of a case, the burden is on the creditor to ensure that the automatic stay is not violated." In re Roche, 361 B.R. 615, 623 (Bankr. N.D. Ga. 2005).

---

to delay, hinder, or defraud creditors that involved either--

**(A)** transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

**(B)** multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d).

11

It is undisputed that Horseshoe was made aware of the bankruptcy filing during the state court proceedings and that Horseshoe sought a ruling that the automatic stay did not apply to the proceedings. "The decision whether to post a lis pendens bond is discretionary. To have a bond set, the bond proponent must show that damages may result from the lis pendens. [] Generally, this will require an evidentiary hearing where the bond's proponent may present evidence on the issue of damages." Levin v. Lang, 994 So. 2d 445, 446 (Fla. 3d DCA 2008) (internal citations omitted). The state court conducted a hearing before deciding to impose a bond in an amount much less than was requested, at its discretion, and plaintiff did not pay the bond. The Bankruptcy Court found that the automatic stay did not apply even if decided after application of the bond and after the bond was due to be paid.

"Individuals seeking damages for stay violations have the burden of proof to establish that the wrongdoer violated the automatic stay and the violation was willful." In re Rose, 645 B.R. 253, 259 (Bankr. M.D. Fla. 2022) (citing In re Rivera, Case No. 6:09-bk-00340-ABB, 2009 WL 3735834, *2 (Bankr. M.D. Fla. Nov. 5, 2009)). Plaintiff "bears the burden of proving both knowledge and damages by a preponderance of the evidence" and "it is more likely than not that he suffered compensable damages as a result of the violation." In re Minawi, 651 B.R. 72, 76 (Bankr. M.D. Fla. 2023). The burden on plaintiff is to show evidence that is

"more convincing than the evidence offered in opposition to it" that there was a willful violation of the automatic stay and damages. United States v. Watkins, 10 F.4th 1179, 1184-85 (11th Cir. 2021) (citations omitted).

The Court finds summary judgment is due to be granted in favor of defendant as no violation can be shown. "Even if a defendant's actions violate the automatic stay, an individual debtor does not have a claim under § 362(h) if the stay violation does not result in any injury to the debtor." In re Hutchings, 348 B.R. 847, 899 (Bankr. N.D. Ala. 2006). See also In re Caffey, 384 B.R. 297, 309 (Bankr. S.D. Ala. 2008), subsequently aff'd, 384 F. App'x 882 (11th Cir. 2010) ("For Debtor to recover damages he must also prove that he was injured by the willful violation."). Debtor has shown no actual damages as a result of the imposition of the bond because the bond was not paid, and it was not reimposed.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment as it Relates to Count One of Plaintiff's Fourth Amended Complaint (Doc. #114) is **GRANTED** as to Count I in favor of defendant and against plaintiff who shall take nothing.

2. Plaintiff's Motion for Final Judgment as to Count I of Plaintiff's Fourth Amended Complaint (Doc. #133) is **DENIED**.

3. Plaintiff's Motion for Final Summary Judgment as to Count II of Plaintiff's Fourth Amended Complaint (Doc. #136) is **DENIED** as moot.

4. The Clerk shall enter judgment pursuant to the January 15, 2025, Opinion and Order (Doc. #106) dismissing Counts II and III of the Fourth Amended Complaint with prejudice and as set forth in this Opinion and Order, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of June 2025.

```
                        _____
                        JOHN E. STEELE
                        SENIOR UNITED STATES DISTRICT JUDGE
```

Copies: Parties of record